**FILED**
**JAN. 25, 2022**
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CALVIN JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-03305 (UNA) |
| | ) |
| U.S. ATTORNEY GENERAL, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on its review of plaintiff's complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the IFP application will be granted, and the complaint will be dismissed without prejudice for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a federal inmate currently incarcerated at the U.S. Penitentiary located in Coleman, Florida. He was convicted and sentenced in the United States District Court for the Southern District of Georgia, and those determinations were affirmed by the United States Court of Appeals for the Eleventh Circuit. Compl. at 1–2. Plaintiff sues the United States Attorney General and Judges in the Southern District of Georgia and the Eleventh Circuit. *Id.* at 1. He seems to generally object to his conviction and/or sentence but does not specify any bases for such objection. *See* id. at 1–2. He generally maintains that he complained to the Attorney General about "legal violations that occurred" in the Southern District of Georgia and the Eleventh Circuit, but that the Attorney General "neglected to respond to [his] request" for the "prosecution and investigation" of the courts' malicious conduct. *Id.* at 2. He demands defendants' "prosecution"

under the Federal Rules of Criminal Procedure "for conspiracy to oppress, obstruction of justice, abuse of process, and criminal and malicious prosecution." *Id.*

First, plaintiffs may not initiate criminal proceedings by filing a complaint with this court. This court has no authority to compel the government to initiate a criminal investigation or to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The decision of whether or not to prosecute, and for what offense, rests with the prosecution. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012). Nor may a plaintiff compel a criminal investigation by any law enforcement agency by filing a civil complaint. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

To the extent that plaintiff seeks to challenge the legality of his conviction and/or sentence, he must petition the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Any § 2255 claims, however, must be addressed to the sentencing court. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Consequently, plaintiff must file his Section 2255 action in the Southern District of Georgia.

Therefore, plaintiff has no recourse in this court, and the petition will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: January 25, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge